IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**OTIS DURR**                                                                              **PLAINTIFF**

v.                              **Case No. 4:12-cv-272-KGB**

**SHALON DAVIS, MANAGER AT WORLEY'S
PLACE APARTMENTS; ELDERLY HOUSING
DEVELOPMENT AND OPERATIONS CORPORATION;
AND JACKSONVILLE GARDENS, INC.**                     **DEFENDANTS**

## ORDER

Plaintiff Otis Durr brings this claim pursuant to the Fair Housing Act, 42 U.S.C § 3601, *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794, the Arkansas Fair Housing Act, Ark. Code Ann. § 16-123-201, *et seq.*, the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, and abuse of process under Arkansas law. In short, Mr. Durr claims that he was subjected to different terms and conditions of residence because of his race and because of a handicapping heart condition. Mr. Durr seeks declaratory, equitable, and injunctive relief, as well as compensatory damages (Dkt. No. 1, ¶¶ 52-53). He is not seeking damages for lost wages or lost earning capacity (Dkt. No. 14, at 2).

Before the Court is defendants' motion to compel (Dkt. No. 10). Mr. Durr responded (Dkt. No. 13). On January 16, 2013, the Court conducted a hearing on the motion. For the reasons discussed below, the motion is granted in part and denied in part.

As a threshold matter, the Court notes that the parties agree that this case is in the early stages of discovery and that no depositions have been taken. The Court will entertain further discovery motions on these matters pending the development of the case through discovery.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .

For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Although it need not be admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence, the discovery sought must be relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26. Rule 26 has been construed broadly, but it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The Eighth Circuit has held that, despite Rule 26 being "liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence," it "should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

    **1.**     **Medical Authorization.** The Court finds that defendants are entitled to Mr. Durr's medical records dating back ten years from his admittance to defendants' facility, Worley's Place Apartments. The parties agreed at the hearing that Mr. Durr was admitted to Worley's Place Apartments in March 2011. Therefore, defendants are entitled to a medical authorization that will give them access to Mr. Durr's medical records including psychotherapy notes from 2001 to present. The Court notes Mr. Durr was willing to permit access to psychotherapy notes from 2008 to present (Dkt. No. 13, at 5).

    **2.**     **Employment Record Authorization.** The Court concludes that defendants are not entitled to the blanket employment authorization that they seek. The authorization is not restricted by date or employer and therefore could be used to access information that is not relevant to Mr. Durr's claims. Moreover, the nature of Mr. Durr's allegations and the fact that Mr. Durr has not worked since approximately 2004 persuade the Court that defendants are not entitled to such a broad employment authorization at this time.

**3.     Request for Copy of Tax Form.**  Because income is at least one requirement for admission to Worley's Place, which is a federally subsidized housing facility, the Court finds that defendants are entitled to Mr. Durr's tax returns for the years 2010, 2011, and 2012 (when those become available).  At this point, the Court concludes that defendants are not entitled to Mr. Durr's tax returns prior to 2010 because defendants have not demonstrated that those earlier tax returns are relevant to the claims and defenses at issue in this case.

**4.     Consent for Release of Information of Social Security Administration Records.**  Because of the nature of Mr. Durr's allegations, the Court concludes that defendants are entitled to have Mr. Durr execute the Social Security Administration Consent for Release of Information that they seek.  Defendants are entitled to an earnings statement and disability records.

**5.     Workers' Compensation Authorization.**  The Court denies at this time defendants' request for Mr. Durr to execute the workers' compensation authorization.  Mr. Durr has not worked since approximately 2004.  Defendants present no information that Mr. Durr filed for workers' compensation.  At this point, the Court concludes defendants are not entitled to an executed workers' compensation authorization because defendants have not demonstrated that such records exist or, if they exist, are relevant to the claims and defenses at issue in this case.

**6.     Educational Records Release.**  The Court denies at this time defendants' request for Mr. Durr to execute the educational records release.  Mr. Durr's counsel represents Mr. Durr left high school in the early 1960s and since then attended one correspondence course in 1996-97 to obtain a paralegal certificate (Dkt. No. 13, at 2).  Defendants have not demonstrated the relevance of Mr. Durr's educational records to the claims or defenses involved in this case.

7.       **Military Records Release.**  The Court denies at this time defendants' request for Mr. Durr to execute a blanket release of Mr. Durr's military records.  The Court notes, however, that Mr. Durr's counsel agreed at the hearing to enter into a limited release that will provide defendants with information regarding Mr. Durr's discharge and his condition at the time of his discharge, specifically whether he was disabled or not.  Mr. Durr's complaint states he is a veteran, although no claims are based on his veteran status (*See* Dkt. No. 1, at 2-3).  His counsel represented at the hearing that Mr. Durr's disability postdates his military discharge.  In other words, Mr. Durr's counsel represented that Mr. Durr was not disabled at the time of his discharge from the military.  The Court rules defendants are entitled to a release executed by Mr. Durr narrowly tailored to permit defendants to verify these representations.

Defendants' request for costs and fees associated with the filing of this motion is denied.

*  *  *

For those reasons, defendants' motion to compel is granted in part and denied in part (Dkt. No. 10).

SO ORDERED this the 17th day of January, 2013.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge