IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

OTIS DURR                                                                                                    PLAINTIFF

VS.                                  CASE NO. 4:12-CV-272-KGB

SHALON DAVIS, MANAGER AT WORLEY'S PLACE
APARTMENTS; ELDERLY HOUSING DEVELOPMENT
AND OPERATIONS CORPORATION; and
JACKSONVILLE GARDENS, INC.                                                                  DEFENDANTS

## PROTECTIVE ORDER

The defendants served the United States Postal Service ("USPS") with a subpoena duces tecum that was issued on October 25, 2012 ("the subpoena"). The subpoena seeks production of certain documents and records (hereinafter referred to as "records") on Marylene Murrel, a witness in this action, that are in the possession, custody, and control of the USPS and that are deemed private and confidential under the Privacy Act, 5 U.S.C. § 552a. Production of these records, in the absence of an order authorizing their production, is prohibited by the Privacy Act. The Court hereby orders production of the records listed in the subpoena pursuant to this stipulated protective order, providing as follows:

1. PROTECTED INFORMATION. All documents and information the USPS produces regarding Marylene Murrel produced in response to the subpoena served on it by defendants shall be designated as "protected information" and shall be subject to the provisions below.

2. THE PRIVACY ACT. Although the Privacy Act, 5 U.S.C. § 552a, possibly applies to certain records or portions of records that are responsive to defendants' subpoena, the USPS is nevertheless authorized and ordered to produce the requested records in response to the subpoena. The defendants assert that at least some of the information contained in the requested records is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence. Defendants also assert that their need

for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as appropriate protective measures are taken. Upon entry of this order under the authority of the Court pursuant to Rule 26 of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), such production will not be contrary to the Privacy Act even though the records contain the names and other identifying information and/or actions regarding persons who qualify for protection under the Privacy Act.

3. NON-DISCLOSURE OF PROTECTED INFORMATION. Except with the prior written consent of the USPS, or as otherwise provided under this order or by prior approval of this Court, no protected information provided to defendants in response to the subpoena may be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, delineated in paragraphs 4 and 5 below. Under no circumstances may protected information be used by defendants or their attorney for any purpose other than for those purposes necessary to this litigation.

4. PERMISSIBLE DISCLOSURES. Notwithstanding paragraph 3, protected information may be disclosed to:

    a. An individual party;

    b. Counsel for the parties in this action who are actively engaged in the conduct of this litigation;

    c. The partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

    d. Retained consultants or experts (testimonial and non-testimonial) and employees of said persons directly involved in the prosecution or defense of this litigation;

e.  Persons giving testimony, including testimony during depositions, in this litigation;

f.  Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court); and

g.  Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

5.  USE OF PROTECTED INFORMATION IN LITIGATION.  The provisions of this stipulated order shall not apply to restrict the use of protected information in connection with any deposition, proceeding, hearing, trial, or appeal in this action provided any person receiving the protected information is subject to the provisions of this order.

6.  CUSTODY AND SAFEKEEPING OF PROTECTED INFORMATION.  Counsel for a party to whom protected information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the protected information.  The duplication of protected information shall be limited to what is reasonably necessary for the conduct of this litigation.

7.  FILING OF DOCUMENTS CONTAINING PROTECTED INFORMATION WITH THE COURT.  Documents containing protected information may be filed with the Court to the extent reasonably necessary to support motions or other matters relating to the litigation.

8.  NON-TERMINATION.  The provisions of this stipulated order shall not terminate at the conclusion of this litigation.  Within 120 days after final conclusion of all aspects of this litigation, including all appeals, protected documents and all copies of same (other than exhibits of record) shall be returned to the USPS or its counsel or, at the option of the USPS, destroyed.

All counsel of record shall make certification of compliance herewith and shall deliver the same to the USPS not more than 150 days after final termination of this litigation.

9. DECLASSIFICATION. In the event that a reviewing party wishes to disclose protected material to any person to whom disclosure is not authorized by this protective order, such reviewing party may apply to this Court for modification of this order. During the pendency of any such application, this protective order shall remain in full effect. The party who produced the information as protected shall have the burden to prove that there is good cause for the information to have such protection. Failure of a party promptly to challenge any designation of confidentiality shall not constitute acquiescence in such designation nor preclude the filing of an application under this paragraph at any time prior to trial. Nothing herein shall impose any restriction on the use or disclosure by a party of information obtained by such party independently of discovery proceedings herein.

10. MODIFICATION PERMITTED. Nothing in this protective order shall prevent any party from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

**IT IS SO ORDERED.**

ENTERED this the 21st day of February, 2012.

_____
Kristine G. Baker
United States District Judge